[No. 3279.]

### John Bacchus *v.* The State.

1. Gaming — Informations.— Appellant was charged by information with unlawfully playing at a game with cards at a house for retailing spirituous liquors, and also at "a place commonly used for the purpose of gaming." *Held*, that the latter charge was insufficient because it did not further allege that the place was a room attached to a public house.

2. Same — Charge of the Court.— Inasmuch as the information was good only to charge a playing of cards at a house for retailing spirituous liquors, the court below, in its instructions to the jury, erred in authorizing them to convict in case they found that the playing was done at any other place.

Appeal from the County Court of Baylor. Tried below before the Hon. J. R. Darnell, County Judge.

The conviction was for unlawfully playing a game of cards, and a fine of $10 was the punishment assessed.

*Sheeks & Sneed*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.    Appellant was charged in the information with unlawfully playing "at a game with cards at a house for retailing spirituous liquors." There was a further allegation in the information that defendant "did then and there play at a game with cards at a place commonly used for the purpose of gaming." In so far as the information charged that the game was played at "a house for retailing spirituous liquors," it unquestionably charged an offense under the statute, such a house being one specifically named in the statute against playing cards in a public place. (Penal Code, art. 355.)

In so far as it was sought to charge the offense on account of the fact that the game was played at a place commonly used for the purpose of gaming, the allegation was insufficient. It has been repeatedly held, in order to constitute the offense by virtue of the fact that the game was played in a room commonly used for gaming, there must be a further allegation that the room is one that is attached to some public house. (Penal Code, 356; *Tummins* v. *The State, ante*, p. 13, and authorities there cited.) It is clear that there were virtually two counts or two phases charged in the information, the first of which was good, and the second fatally defective.

In his charge to the jury the learned judge instructed them as to the manner and character of the charge stated in the information, telling them that the offense as charged was "unlawfully playing at a game with cards in a house for retailing spirituous liquors, and commonly used for the purpose of gaming." And he instructed them that, "if they found defendant committed the offense as charged in the information, they would find him guilty," etc. At the instance of the county attorney the learned judge also gave the jury the following special instruction: "You are further charged that, if you believe from the evidence beyond a reasonable doubt that defendant played at a game with cards in any room which was a common resort for gaming, or which was connected with and used in furtherance of the interest of a house so used for the purpose of gaming, you will find the defendant guilty." These instructions went beyond the offense as legitimately charged in the information. As therein stated, the defendant could only be legitimately convicted for playing cards in a house used for the purpose of retailing spirituous liquors. He could not be convicted on the information either for playing at cards in a room attached to a

public house and commonly used for gaming, or for playing in any room which was a common resort for gaming, because he was not so charged in said information. And yet the court instructed the jury that they might so convict. In this there was manifest error, for which the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

[Opinion delivered April 15, 1885.]